# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____
                              )

**ROXANNE MATHEWS-BAKER,**      )
                              )

     **Plaintiff,**               )
                              )

         **v.**                 )      **Case No. 15-cv-1249 (APM)**
                              )

**REYNOLDS & ASSOCIATES, INC. et al.,**  )
                              )

     **Defendants.**            )
_____ )

## MEMORANDUM OPINION AND ORDER

This case involves "egregious conduct by [a] particularly dilatory plaintiff[]." *See Peterson v. Archstone Cmtys. LLC*, 637 F.3d 416, 418 (D.C. Cir. 2011) (internal quotation marks omitted). Defendants have renewed their motion to dismiss for failure to prosecute. *See* Defs.' Renewed Mot. to Dismiss for Lack of Prosecution, ECF No. 48 [hereinafter Defs.' Renewed Mot.]. Despite several warnings, Plaintiff has refused to participate fully in discovery and abide by the court's directives. For the reasons explained below, Defendants' Motion will be granted in part and denied in part.

Plaintiff, appearing pro se, filed this action on August 4, 2015, concerning her treatment while residing at a halfway house in the District of Columbia operated by Defendants. According to her Complaint, Defendants allegedly deprived Plaintiff of her constitutional rights under the First, Fifth, Eighth, and Fourteenth Amendments during her time at the halfway house. Compl., ECF No. 1, at 6–8. As pertinent to this Memorandum Opinion, Plaintiff claims that Defendants violated the Eighth Amendment by refusing to allow her to leave the halfway house to seek medical treatment and obtain medication from the drug store. *Id.* at 6.

After Defendants answered the Complaint, the court set this matter for an initial scheduling conference ("ISC") on January 5, 2016. Order, ECF No. 15. The same Order informed the parties about the requirement to confer and submit a statement addressing all topics listed in Local Civil Rule 16.3(c) no fewer than seven (7) days prior to the date of the ISC. *Id.* The parties did not, however, file a Rule 16.3 statement in advance of the ISC. Defendants appeared for the Status Hearing on January 5, 2016, but Plaintiff did not. The court nevertheless held the ISC, extended the deadline for filing the Rule 16.3 statement to February 4, 2016, and warned Plaintiff by minute order that if she failed to satisfy her obligations to meet and confer with opposing counsel by that date, then the court would consider a motion to dismiss for want of prosecution. *See* Minute Order, Jan. 5, 2016.[1]

On March 24, 2016, having yet to receive a joint Rule 16.3 statement, the court set a deadline of April 7, 2016, for the parties to file a joint status report as to their efforts to meet and confer. *See* Minute Order, Mar. 24, 2016. The court again warned that if Plaintiff did not cooperate in the filing of the statement, then the court would entertain a motion to dismiss for want of prosecution. *See id.* On April 12, 2016, the court extended the deadline for the status report to April 14, 2016, and gave the parties the option of filing separate status reports if they were unable to file jointly. *See* Minute Order, Apr. 12, 2016.

On April 14, 2016, Defendants filed their first Motion to Dismiss for Failure to Prosecute after making several unsuccessful efforts to contact Plaintiff. *See* Defs.' Mot. to Dismiss, ECF No. 23. In their Motion, Defendants explained that they "had made repeated attempts to contact

---

[1] On the day she was supposed to appear for an ISC, Plaintiff instead filed a series of motions and a "Status Report," which, in summary, renewed her motion for default judgment, requested discovery, and sought appointment of counsel. *See* Pl.'s Mot. to Renew Default J., ECF No. 16; Pl.'s Status Report, ECF No. 17; Pl.'s Mot. for Appointment of Counsel, ECF No. 18; Pl.'s Mot. for Produc. of Docs., ECF No. 19. The court denied all of Plaintiff's requests for relief. Order, ECF No. 20.

[Plaintiff]" in November 2015, as well as in January and February 2016, in order to comply with Rule 16.3, but were unsuccessful in reaching her. *Id.* ¶ 4. In addition, following the court's March 24, 2016 Order, Defendants' counsel sent Plaintiff "a fourth letter reminding her of the obligation to contact him and discuss the matters to be raised in Local Rule 16.3," and adding that a motion to dismiss would be filed if she did not respond. *Id.* ¶ 6. Plaintiff did not respond. Before moving to dismiss, counsel "made a final [unsuccessful] attempt to contact . . . Plaintiff by telephone on Friday, April 1." *Id.* ¶ 7.

The court ordered Plaintiff to respond to Defendants' Motion to Dismiss by May 6, 2016. Order, ECF No. 24. On May 9, 2016, Plaintiff filed a motion to stay the proceedings pending her release from D.C. Jail on June 30, 2016. Pl.'s Mot. to Stay, ECF 26. The court granted Plaintiff's Motion on May 20, 2016, and gave her until August 16, 2016, either to respond to Defendants' Motion to Dismiss or comply with Rule 16.3's requirements by conferring with Defendants' counsel and filing a joint statement. *See* Minute Order, Aug. 5, 2016; Minute Order, May 20, 2016. Plaintiff responded by filing a Motion to Strike and a Motion to Set an Initial Scheduling Conference on August 15 and 16, respectively. *See* Pl.'s Mot. to Strike, ECF No. 30; Pl.'s Mot. to Set Scheduling Conference, ECF No. 32.

On August 17, 2016, Defendants filed a Supplemental Motion to Dismiss. *See* Defs.' Suppl. Mot. to Dismiss, ECF No. 31. Defendants' counsel explained that after several attempts to contact Plaintiff, the parties finally spoke by telephone on August 15, 2016, but Plaintiff cut the call short at item 6 of Rule 16.3(c), "stat[ing] that she needed to think more about her strategy" and "would have to call back." *Id.* ¶ 7. In response to Plaintiff's Motions, Defendants asserted that Plaintiff "has repeatedly ignored and expressly flouted good faith attempts by undersigned

counsel to discuss the requirements of Rule 16.3 per the Court's orders[,]" and "it is clear that [she] has no interest in clarifying her claims or complying with the rule." *Id.* ¶ 9.

The court granted Plaintiff's Motion to Set a Scheduling Conference and set an ISC for September 22, 2016, at 10:30 a.m. *See* Minute Order, Aug. 24, 2016. When Plaintiff failed to appear at the ISC at the designated time, the court proceeded with defense counsel alone. After the proceedings had concluded and defense counsel had left, however, Plaintiff appeared in the courtroom. The case was recalled and Plaintiff was admonished "for her failure to appear for this hearing and the court's previously scheduled [ISC], as well as for her failure to communicate with defense counsel as previously ordered by the court." Minute Order, Sept. 22, 2016. Plaintiff was ordered to contact defense counsel within 24 hours to develop a discovery plan. *Id.* Defense counsel was ordered to report to the court by 5 p.m. the next day on whether Plaintiff had contacted him and, if so, whether they were able to agree to a discovery plan. *Id.*

The litigation initially seemed to progress. Plaintiff did indeed contact defendant counsel, and in light of Plaintiff's compliance, the court set a September 28, 2016, deadline for the parties to submit a joint Rule 16.3 statement. *See* Minute Order, Sept. 26, 2016. The parties timely filed a joint Rule 16.3 statement. *See* Meet & Confer Stmt., ECF No. 37. As a result, the court denied Defendants' Motion to Dismiss and Supplemental Motion to Dismiss for lack of prosecution, and denied as moot Plaintiff's Motion to Strike. *See* Min. Order, Sept. 30, 2016. On October 1, 2016, the court issued a scheduling order, under which discovery was to conclude by December 27, 2016, and a post-discovery Status Conference was set for January 10, 2017. *See* Order, ECF No. 38.

At the Status Conference, the parties indicated that more time was needed to complete discovery. Plaintiff had not disclosed requested medical information, and she questioned whether Defendant had disclosed all the sign-in/sign-out sheets that she had requested. Therefore, the court

extended discovery to February 21, 2017.  *See* Order, ECF No. 42.  Defendant was ordered to submit a proposed Protective Order to cover the medical records by January 18, 2017, and to disclose any additional sign-in/sign-out sheets concerning Plaintiff.  *Id.*  Plaintiff was ordered to disclose, subject to the Protective Order, the requested names of doctors and prescriptions and any related medical records.  *Id.*  The court issued the Protective Order on January 18, 2017, ECF No. 44.  The Protective Order makes clear that the parties agree that the requested medical information "is confidential[,] . . . is of a personal character[,] and should be revealed only in a designated way," as set out in the Order.  *Id.* at 1.

Plaintiff did not comply with the court's Order, leading Defendants to file a Motion to Compel disclosure of Plaintiff's medical provider information and requested medical records.  *See* Defs.' Mot. to Compel, ECF No. 45.  In their Motion, Defendants recounted Plaintiff's refusal to provide the information during her deposition.  *Id.* ¶ 2.  In addition, Defendants stated that Plaintiff did not respond to either their Rule 34 request for production of documents or their e-mails and letter requesting such information.  *See id.* ¶¶ 4–6.

On February 28, 2017, the court granted Defendants' Motion, ordered Plaintiff to produce the requested medical information by March 10, 2017, and warned Plaintiff of potential consequences, including dismissal for failure to prosecute, if she failed to comply.  *See* Order, ECF No. 46.  The court noted that all materials produced would be subject to the Protective Order and ordered Defendants' counsel to notify the court by March 13, 2017, whether Plaintiff had complied with the Order.  *See id.*

Defendants reported on March 15, 2017, that, "[t]o date, [Plaintiff] has produced no documentation, nor has she responded to undersigned counsel's e-mail in which the Order of February 28, 2017 was supplied."  Defs.' Status Report, ECF No. 47.  In light of that Status Report,

the court informed the parties that it would consider a motion to dismiss under Rule 41(b), *see* Minute Order, Mar. 15, 2017, thereby prompting Defendants to file the instant renewed motion, to which the court now turns.

"If the plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). Moreover, "[a] dismissal for failure to prosecute may be ordered by the Court upon motion by an adverse party, or upon the Court's own motion." LCvR 83.23. Although pro se plaintiffs are afforded leeway in prosecuting their cases, "such leeway does not constitute a license for a plaintiff filing pro se to ignore the Federal Rules of Civil Procedure," a court's local rules, or a court's orders. *See Moore v. Robbins*, 24 F. Supp. 3d 88, 97 (D.D.C. 2014) (internal quotation marks omitted).

Here, Plaintiff has not heeded this court's warnings about the consequences of failing to comply with orders and participate fully in discovery, and this behavior must come to an end. Plaintiff's Opposition to the instant motion strongly suggests that her obduracy will continue, at least as to Defendants' demand for medical information and records. Plaintiff contends that her "medical record, illness and the <u>release of her medical records,</u> has [sic] nothing to do with her claims at all and how she was deprive [sic] of protected constitutional rights and privileges." Pl.'s Opp'n to Defs.' Mot., ECF No. 50, at 2 (alteration in original). Plaintiff also submits that "defendant cannot use this as a legal defense to have her case dismiss [sic]" because she has "a <u>confidentiality protection,</u> not to exposed [sic] her medical illness to anyone, as rejected once . . . during her criminal case." *Id.* (alteration in original). But, as this court has previously explained to Plaintiff on several occasions, her medical records are relevant to her Eighth Amendment claim arising from the deprivation of medical treatment and prescribed medications she alleges occurred

during her stay at Defendants' halfway house. *See* Compl. at 6–7. Moreover, Defendants reasonably contend in their Motion that Plaintiff has "severely prejudice[d] [their] ability to defend against the claims being brought against them." Defs.' Renewed Mot. ¶ 8. Lastly, Plaintiff's privacy concerns about disclosing the information are addressed in the Protective Order, thereby making her continued defiance simply unreasonable.

Although Plaintiff's conduct in this case has been disrespectful to both Defendants and the court, the court is mindful of the D.C. Circuit's directive that sanctions must be proportionate to the misconduct and that less drastic sanctions than outright dismissal must be considered. *See Bonds v. District of Columbia*, 93 F.3d 801, 809 (D.C. Cir. 1996); *Trakas v. Quality Brands, Inc.*, 759 F.2d 185, 186–87 (D.C. Cir. 1985). For that reason, instead of dismissing the case in its entirety, the court will dismiss those claims alleging that Defendants unconstitutionally denied Plaintiff the opportunity to attend medical appointments or obtain medication. The court will not, however, dismiss Plaintiff's remaining constitutional claims, as they do not depend on the disclosure of medical records and information.

Accordingly, for the foregoing reasons, Defendants' Motion is granted in part and denied in part. On or before June 30, 2017, Defendants shall file a status report indicating whether they intend to move for summary judgment on Plaintiff's remaining claims and, if so, proposing a briefing schedule.

Dated: June 26, 2017

Amit P. Mehta
United States District Judge