UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
**Roxanne Mathews-Baker,**          )
                                    )
    **Plaintiff,**              )
                                    )
        **v.**                  )    Civil No. 15-cv-1249 (APM)
                                    )
**Reynolds & Associates, Inc.** *et al.***,**  )
                                    )
    **Defendants.**             )
_____ )

## MEMORANDUM OPINION

### I.    INTRODUCTION

This case is before the court on Defendants' Motion for Summary Judgment, ECF No. 54. In accordance with Local Civil Rule 7(h)(1), Defendants have included a Statement of Material Facts ("Facts Stmt.") as to which they assert there is no genuine dispute, ECF No. 54-1. Plaintiff Roxanne Mathews-Baker has failed to respond to Defendants' Motion for Summary Judgment, as her deadline of September 14, 2017, has expired. Accordingly, as permitted by Federal Rule of Civil Procedure 56(e) and the law of this Circuit, *see Winston & Strawn, LLP v. McLean*, 843 F.3d 503, 507 (D.C. Cir. 2016); *Grimes v. District of Columbia*, 794 F.3d 83, 92 (D.C. Cir. 2015), the court will treat the facts presented by Defendants as admitted, *see also* L. Cv. R. 7(h)(1). Having conducted an independent review of the record, *see Winston & Strawn*, 843 F.3d at 507–08, the court finds that Defendants have shown that they are entitled to judgment as a matter of law. Consequently, it will grant Defendants' motion for the reasons explained more fully below.[1]

---

[1]  Because the *pro se* plaintiff has failed to maintain a current address, the court's order explaining her obligations to respond to the motion and the potential consequences if she did not, ECF No. 55, was returned to the clerk as undelivered and unable to forward. *See* Envelope, ECF No. 56; LCvR 5.1(c)(1) (a party's "address and telephone

## II. BACKGROUND

In November 2013, a grand jury sitting in this court indicted Plaintiff and thirty other individuals for multiple drug conspiracy offenses. *See U.S. v. Mathews-Baker*, No. 13-cr-00305 (EGS) ("Crim. Case Docket"). On April 29, 2014, Plaintiff agreed to plead guilty to one count of possession of heroin, but the judgment of conviction was not entered until September 16, 2015.[2] Meanwhile, on May 18, 2015, the presiding judge "ordered Plaintiff to be place[d] in a female halfway house and with work release." Compl. at 3, ECF No. 1. From May 2015 to June 2015, Plaintiff resided at a halfway house in the District of Columbia owned and operated by Defendants.

On August 4, 2015, Plaintiff filed this action, claiming that Defendants had violated her rights under the First, Fifth, Eighth, and Fourteenth Amendments during her time at the halfway house. Compl. at 6-8. Plaintiff alleges that Defendants imposed a "no movement policy," where she felt "kidnapped" inside their building. *Id*. at 6. As a result of that policy, Plaintiff allegedly was (1) denied her First Amendment rights "to attend her own church" and to access a law library to research her case; (2) refused permission to leave the facility to obtain medical treatment and medication from the drug store, in violation of the Eighth Amendment; and (3) not permitted to work in accordance with the judge's order. *Id*. In addition, Plaintiff alleges that Defendants violated her privacy rights under the Health Insurance Portability and Accountability Act (HIPAA)

---

number . . . noted on the first filing shall be conclusively taken as the last known address and telephone number," unless the party files a notice changing such information within 14 days of the change). As noted later, Plaintiff's pattern of not complying with orders and refusing to participate fully in the proceedings has already resulted in the dismissal of certain claims. And "[t]he law is clear that '[d]istrict courts have inherent power to dismiss a case sua sponte for a plaintiff's failure to prosecute or otherwise comply with a court order.'" *Angellino v. Royal Family Al-Saud*, 688 F.3d 771, 775 (D.C. Cir. 2012) (quoting *Peterson v. Archstone Cmties. LLC*, 637 F.3d 416, 418 (D.C. Cir. 2011) (citing LCvR 83.23)). Consequently, the court also would dismiss this case on the ground of failure to prosecute.

[2] Although the prolonged criminal proceedings have no bearing on the issues at hand, it appears from the criminal case docket that Plaintiff sought to withdraw her guilty plea on more than one occasion while awaiting a sentencing hearing.

when staff at the halfway house conveyed certain information to potential employers "when told not to do so." *Id*. at 7. Finally, Plaintiff sues Defendants generally for "discrimination." *Id*. at 1.

The court has given Plaintiff ample opportunity to press her claims, but she time and again has chosen not to do so. More than one year after this case began, the court denied Defendants' supported motions to dismiss for lack of prosecution and instead issued a scheduling order for discovery, which was to conclude by December 27, 2016. *See* Minute Order, Sept. 30, 2016; Order, ECF No. 38. On January 18, 2017, after Plaintiff expressed concerns about divulging medical information to Defendant, the court issued a Protective Order with regard to Plaintiff's medical records and information, ECF No. 44; yet, Plaintiff did not engage in litigation. As a result, Defendants moved again to dismiss the case in its entirety for failure to prosecute. On June 26, 2017, the court documented Plaintiff's egregious history of failing to comply with orders and to participate fully in discovery, but dismissed only Plaintiff's Eighth Amendment medical claims in light of her persistent refusal to disclose medical records and information. *See* Mem. Op. and Order, ECF No. 51. The instant motion addresses the remaining constitutional claims.[3]

## III. LEGAL STANDARD

Federal Rule of Civil Procedure 56 provides that a court should grant summary judgment if "there is no genuine dispute as to any material fact and [the moving party] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A material fact is one that is capable of affecting the outcome of litigation. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

---

[3] HIPAA does not authorize a private cause of action. *See Aetna Hudes v. Aetna Life Ins. Co*., 806 F. Supp. 2d 180, 195-96 (D.D.C. 2011), *aff'd*, 493 Fed. App'x 107 (D.C. Cir. 2012) (citing cases). Only the Secretary of the Department of Health and Human Services is authorized to pursue "[c]riminal and civil penalties" against "individuals with access to health information" who violate the Act. *Agee v. United States*, 72 Fed. Cl. 284, 289 (2006) (citing 42 U.S.C. §§ 1320d-5 to d-6) (other citation omitted)). Accordingly, Plaintiff's statutory claim is dismissed as a matter of law.

3

Rule 56 "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case . . . on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The party moving for summary judgment "bears the initial responsibility of informing the district court of the basis for its motion" and identifying those portions of the record that it believes "demonstrate the absence of a genuine issue of material fact." *Id.* at 323. If the non-moving party does not oppose summary judgment, then the facts put forward by the moving party may be treated as conceded, but the burden still remains on the moving party "to demonstrate why summary judgment is warranted." *Grimes*, 794 F.3d at 96-97 (Griffith, J., concurring). When a court's "independent scrutiny confirms fatal shortfalls in the evidence necessary to support a verdict in a nonmoving plaintiff's favor, the motion may be granted." *Grimes*, 794 F.3d at 95.

## IV. DISCUSSION

### A. Alleged Constitutional Violations

Defendants rely almost exclusively on Plaintiff's deposition testimony, ECF No. 54-4 [hereinafter Pl.'s Depo.], which contradicts Plaintiff's premise that she was subjected to a "no movement policy" while at the halfway house. Because Plaintiff has not filed an opposition and refuted Defendants' facts adduced from her deposition, the court accepts as true that Plaintiff "was given the option of going to a church of her denomination either at the facility . . . or 'right up the street,'" Facts Stmt. ¶ 5 (citing Pl.'s Depo. at 40, 52–53), and permitted to attend two job interviews outside of the facility, *id.* ¶ 6 (citing Pl.'s Depo. at 48). In addition, Plaintiff "was represented by . . . counsel" in the criminal proceedings while at the halfway house and, according to Defendants,

"appealed her conviction."[4] Facts Stmt. ¶¶ 3-4 (citing Pl.'s Depo. at 58–59). No reasonable juror presented with the foregoing testimony could return a verdict in Plaintiff's favor with regard to her First and Fifth Amendment claims.[5]

### B. Alleged Discrimination Claims

Plaintiff's own testimony also dooms her discrimination claims. When, during her deposition, Plaintiff was given the opportunity to expound on her allegation of discrimination, she speculated that her race "maybe" was a factor in decisions regarding her movements only because "her case manager . . . was white and she is African American." Facts Stmt. ¶ 10 (citing Pl.'s Depo. at 47–48). But that fact alone cannot plausibly support a verdict in Plaintiff's favor. For "[w]here the claim is invidious discrimination in contravention of the First and Fifth Amendments, [it is] clear that the plaintiff must plead and prove that the defendant acted with discriminatory purpose." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). Plaintiff has offered no facts from which a reasonable juror could find or infer that the alleged decisions had anything to do with her race.

Plaintiff also testified that she "felt" discriminated against "because of her age." Facts Stmt. ¶ 12 (citing Pl.'s Depo. at 53–54). But age is not a "suspect classification" that is protected

---

[4] As noted earlier, the judgment of conviction was entered three months after Plaintiff left Defendants' halfway house; therefore, it is unclear what order was appealed during her stay. Nevertheless, in order to state a First Amendment redress claim, "the underlying cause of action and its lost remedy must be addressed by allegations in the complaint sufficient to give fair notice to a defendant." *Christopher v. Harbury*, 536 U.S. 403, 416 (2002). Plaintiff has made no such allegations in either the complaint or her deposition, and the criminal docket entries from May 2015 to June 2015, of which this court may take judicial notice, show no impediment to Plaintiff's being heard in the criminal case with and without counsel. For purposes of summary judgment, Plaintiff's redress claim is factually unsupported. Most importantly, though, the claim is insufficiently pled as a matter of law.

[5] For purposes of resolving this matter, the court assumes that Defendants were acting as agents of the District of Columbia, which may be subject to liability for constitutional violations under certain circumstances, *see Warren v. District of Columbia*, 353 F.3d 36, 38 (D.C. Cir. 2004); *Bradley v. D.C. Pub. Sch.*, 87 F. Supp. 3d 156, 160 (D.D.C. 2015), but to which the Fourteenth Amendment has no application, *Bolling v. Sharpe*, 347 U.S. 497, 499 (1954).

5

by the Constitution's equal protection clause.[6] *Kimel v. Florida Bd. of Regents*, 528 U.S. 62, 83 (2000). Nevertheless, when pressed about her discrimination claim, Plaintiff testified:

> Maybe because one of them were pregnant, and other one were younger. So just like when I was younger, . . . people have a like a softer spot for younger people, because they feel like they're in their early prime or what have you, they're a little ways from being a teen-ager, not too much, age 23, 25. So someone older as myself, I'm not going to let her . . . get away with anything . . . like that. But yeah, go ahead baby, you know, she just younger, so we going to let her have a slide pass. . . . I don't know that for sure. But that's just the way I felt[.]

Pl.'s Depo. 54. Plaintiff does not describe any basis from which a reasonable juror could find or infer a discriminatory motive based on her age.

Finally, Plaintiff believed that she was discriminated against because "she was part of 'a so-called alleged drug conspiracy case,'" Facts Stmt. ¶ 11 (citing Pl.'s Depo. at 48), but her criminal status is not a classification protected by either the equal protection clause of the Constitution or the federal anti-discrimination laws. *See, e.g.*, 42 U.S.C. § 2000d ("No person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance.").

## V. CONCLUSION

Defendants have demonstrated the absence of a genuine issue of material fact, and Plaintiff has not countered with evidence showing that there is a genuine issue for trial. In addition, Plaintiff

---

[6] *See Curry-Bey v. Jackson*, 422 F. Supp. 926, 930 n. 4 (D.D.C. 1976) ("The equal protection clause of the fourteenth amendment is not, of course, strictly applicable to the District of Columbia, but the Supreme Court . . . has held that notions of equal protection inhere in the concept of due process as found in the fifth amendment, which is applicable to the District of Columbia) (citing *Bolling*, 347 U.S. at 498-99)); *accord Kingman Park Civic Ass'n v. Bowser*, 815 F.3d 36, 39 (D.C. Cir. 2016) (observing that "the Equal Protection Clause of the 14th Amendment to the U.S. Constitution [is] made applicable to the District through the Due Process Clause of the 5th Amendment") (parenthesis omitted)).

has no private right of action under HIPAA. Consequently, the court concludes that Defendants are entitled to judgment as a matter of law on all claims discerned from the complaint. A separate order accompanies this memorandum opinion.

Dated: October 20, 2017

Amit P. Mehta
United States District Judge